**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

FIDEL BARRAZA,                                         )
                                                       )
                    **Plaintiff,**                     )
                                                       )
v.                                                     )          **Case No. 21-CV-0282-CVE-CDL**
                                                       )
STATE FARM FIRE AND CASUALTY                           )
COMPANY,                                               )
                                                       )
                    **Defendant.**                     )

**OPINION AND ORDER**

Now before the Court is defendant State Farm Fire and Casualty Company's motion to

dismiss (Dkt. # 10).  Defendant moves, pursuant to Fed. R. Civ. P. 12(b)(6), for dismissal on the

ground that plaintiff has failed to state a claim upon which relief may be granted.  Defendant argues

that plaintiff's breach of contract and bad faith claims are time-barred because of the express terms

of plaintiff's homeowner's policy, in which both plaintiff and defendant agreed that all suits would

be commenced within one year after the alleged date of loss.  Defendant also argues that plaintiff did

not plead sufficient facts for his bad faith claim to survive a motion to dismiss.

**I.**

Plaintiff Fidel Barraza purchased a property damage insurance policy from defendant State

Farm Fire and Casualty Company (State Farm), policy number 36-CA-N776-5, which covered

Barraza's dwelling and contents.  Dkt. # 2-1, at 1.  On or about May 26, 2019, Barraza's insured

property suffered "major wind and hail damage," with Barraza claiming actual damages "in an

amount not less than $108,500.00."  Id. at 1-2.  Barraza timely made a claim for loss under the policy

and was assigned claim number 36-8974-X49.  Id.  However, Barraza alleges that State Farm failed

and refused to pay "the full benefits necessary" to repair or replace the property and contents that were damaged on or about May 26, 2019.  Id. at 2.

On May 25, 2021, Barraza filed this case in Tulsa County District Court, Oklahoma.  Id. at 1.  Barraza brings Oklahoma state law claims for breach of contract (count 1) and bad faith (count 2) against State Farm.[1]  Id.  This case was properly removed to this Court as the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Id..

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted.  A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level."  Id. (citations omitted).  "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  Id. at 562.  Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions."  Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009).  For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant.  Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton

---

[1]    Although plaintiff did not separately plead two counts, it is apparent from the petition that plaintiff is bringing a breach of contract claim and a bad faith claim. For purposes of clarity and completeness, the claims will be addressed separately.

Energy Servs., Inc., 291 F.3d 1227, 1231 (10ᵗʰ Cir. 2002).  However, a court need not accept as true those allegations that are conclusory in nature.  Erikson v. Pawnee Cnty. Bd. Of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10ᵗʰ Cir. 2001).  "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10ᵗʰ Cir. 1991).

### III.

Defendant filed a motion to dismiss (Dkt. # 10) both of plaintiff's claims for failure to state a claim upon which relief may be granted, arguing that both of plaintiff's claims are time-barred under the applicable statute of limitations.  Dkt # 10, at 4-5.  Defendant further argues that plaintiff's bad faith claim (count 2) is unsupported by factual allegations sufficient to survive a motion to dismiss.  Id. At 4.  Plaintiff responds that each of his claims were filed in a timely manner, and the facts set forth in his complaint satisfy federal pleading requirements.  Dkt. # 12, at 5.

### A.

Defendant asks the Court to dismiss plaintiff's breach of contract claim (count 1) and bad faith claim (count 2) because the plaintiff did not file this lawsuit within one year of the alleged date of loss, May 26, 2019, pursuant to an express one-year suit limitation provision in the insurance policy contract.  Dkt. #10, at 4.  Defendant also argues that plaintiff cannot rely on the Oklahoma Insurance Department (OID)'s PC Bulletin No. 2020-01, issued in response to Governor Stitt's statewide emergency declaration due to the COVID-19 pandemic, which "extend[ed] all policyholder rights or benefits related to deadlines until 90 days after the state of emergency ends."  Id. at 5.  Specifically, defendant argues that, because the relevant portion of PC Bulletin No. 2020-01 was allegedly rescinded on June 30, 2020, the one-year limitation provision should be tolled at most to

3

that date, rather than 90 days after Governor Stitt's withdrawal of the statewide emergency declaration, which went into effect on May 4, 2021. Id. at 5-6. Defendant argues in the alternative that the bulletin did not have the force of law. Id. at 6. Plaintiff responds that his claims were not time-barred because of OID's deadline extensions for policyholders. Dkt. #12, at 2-3, 7. Plaintiff further argues that whether the action is time-barred by the applicable statute of limitations period is a question of fact, or a mixed question of fact and law. Id. at 6. Next, plaintiff argues that Oklahoma state law requires insurers to provide written notice to claimants that their one year time limit for bringing suit is expiring, which plaintiff alleges he does not recall receiving. Id. at 6-7. Finally, plaintiff claims that for the bad faith claim (count 2), the statute of limitations period should be two years commencing on the date the cause of action accrued, which plaintiff alleges was in October 2020. Id. at 13.

For statutes of limitations, "[a] federal court sitting in diversity applies state law." Burnham v. Humphrey Hospitality Reit Trust, Inc., 403 F.3d 709, 712 (10th Cir. 2005) (citing Guaranty Trust Co. of N.Y v. York, 326 U.S. 99, 109-110 (1945)). According to the Supreme Court of Oklahoma, "[a] statute-of-limitation issue ordinarily presents a mixed question of fact and law." Sneed v. McDonnell Douglas, 991 P.2d 1001, 1004 (Okla. 1999). With respect to pleadings, "[t]he bar of the statute of limitations is an affirmative defense," and the burden falls on defendant to prove a plaintiff's action is time-barred by the applicable statute of limitations. Moneypenny v. Dawson, 141 P.3d 549, 551 (Okla. 2006). Moreover, a motion to dismiss "raising a limitation bar should not be granted . . . unless the face of the petition shows beyond doubt the action is time-barred under the applicable statute of limitations." Id.

The Court finds that whether the insurance policy contract's one-year statute of limitations provision has expired is a mixed question of law and fact ordinarily reserved for the trier of fact.[2] Further, nothing in the petition suggests "beyond doubt" that the action is time-barred; thus, granting the motion to dismiss based on a statute of limitations bar would be inappropriate.  Id.  Although plaintiff concedes he did not file suit within one year of the date of loss, May 26, 2019, he was under no obligation to anticipate the statute of limitations affirmative defense in his petition.  The burden falls on defendant, after discovery and fully briefing the issues, to prove the affirmative defense that this action is barred by an applicable statute of limitations.[3]  Id.

**B.**

Defendant further asks the Court to dismiss plaintiff's bad faith claim (count 2) because plaintiff did not plead sufficient facts to establish a plausible claim for relief.[4]  Dkt. # 10, at 4-5; Dkt # 13, at 2-3.  Defendant argues that plaintiff's petition contains "one bare statement intended to stave off dismissal," Dkt. # 10, at 4, in reference to plaintiff's allegation that "State Farm intentionally delayed negotiating and dealing with Plaintiff or his agent(s) so the one (1) year statute of limitations

---

[2]     Such questions of mixed fact and law are not appropriate to address at the motion to dismiss stage.

[3]     In this case, full briefing of the statute of limitations issue will be necessary, including 1) whether the OID bulletin has the force of law; 2) whether the March 20, 2020 OID bulletin extended plaintiff's deadline to file suit; 3) whether the June 30, 2020 amended OID bulletin impacted plaintiff's deadline to file this lawsuit; and 4) whether the bad faith claim, which ordinarily has a two-year statute of limitations, is covered by the one-year suit limitation provision in the policy.  Further, there appears to be a factual dispute as to whether defendant ever gave plaintiff notice that his one-year suit limitation period was expiring.

[4]     The Court notes that defendant makes this argument without specificity.  The Court will nevertheless address this argument as it appears to attack the sufficiency of the plaintiff's complaint with respect to the bad faith claim (count 2).

would expire[.]" Dkt. # 2-1, at 2.  As a result, defendant argues, State Farm did not receive adequate

notice regarding plaintiff's bad faith claim (count 2). Dkt. # 10, at 5.  Plaintiff responds that the facts

set forth in the petition provide adequate notice of the substance of the bad faith claim (count 2) and

of the relief sought.  Dkt. # 12, at 5.  Plaintiff further argues that his allegation in the petition that

State Farm "intentionally delayed negotiating and dealing" with the plaintiff "was pled to support

the degree of bad faith exhibited by State Farm." Id. at 12 (quoting Dkt. #2-1, at 2).

The Court has reviewed the petition and finds that plaintiff has pleaded sufficient elements

of a plausible bad faith claim to withstand a motion to dismiss.  The Supreme Court of Oklahoma

identified four essential elements of a prima facie showing for a bad faith claim: 1) plaintiff was

covered under the defendant's insurance policy; 2) the "actions of insurers were unreasonable under

the circumstances"; 3) "insurers failed to deal fairly and act in good faith toward him in their

handling of the [plaintiff's] claim"; and 4) "the breach or violation of the duty of good faith and fair

dealing was the direct cause of any damages sustained by the insured." Badillo v. Mid Century Ins.

Co., 121 P.3d 1080, 1093 (Okla. 2005).  Here, plaintiff pled in paragraphs 5, 8, 9, and 11-13

sufficient facts to establish a prima facie showing of bad faith when viewing the facts in the light

most favorable to the plaintiff. Dkt. # 2-1, at 1-4.  For the first element, plaintiff pled that he was

insured by State Farm at the time of loss.  Id. at 1.  Next, plaintiff pled a comprehensive list of

factual allegations that form a plausible basis for satisfying the second and third elements,[5]

specifically, that defendant's actions were unreasonable under the circumstances and the defendant

---

[5]     Plaintiff's list of factual allegations pertaining to the second and third elements of a prima
        facie showing of bad faith includes failing to conduct a full and proper investigation,
        withholding payment of benefits, and failing to properly evaluate any investigation that was
        performed.  Dkt. #2-1, at 2-3.

failed to deal fairly and act in good faith toward the plaintiff. Finally, plaintiff sufficiently pled that as a direct result of defendant's bad faith actions, plaintiff sustained damages in the amount of $75,000. Id. at 4. Thus, the Court finds that plaintiff pled sufficient plausible facts in the petition to establish a prima facie case for a bad faith claim and to survive a motion to dismiss.

**IT IS THEREFORE ORDERED** that defendant State Farm Fire and Casualty Company's motion to dismiss (Dkt. # 10) is **denied**.

**DATED** this 10th day of September, 2021.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE